UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BENJAMIN TAVAREZ | : | CIVIL ACTION NO. |
| V. | | |
| UNITED STATES OF AMERICA | : | MARCH 2, 2022 |

## **COMPLAINT**

1. This action arises under Federal Tort Claims Act, 28, U.S.C.A. §2671, et. seq.  This court is vested with jurisdiction pursuant to 28 U.S.C.A. §1346(b).

2. The plaintiff, Benjamin Tavarez, resides in West Haven, Connecticut. The acts and omissions complained of in this Complaint occurred in West Haven, Connecticut. Pursuant to 28 U.S.C.A. §1402(b) venue is proper in this judicial district.

3. On or about February 9, 2021, the United States Department of Housing & Urban Development managed, maintained, possessed and controlled property known as Morrissey Manor, 15 Bayshore Drive, West Haven, Connecticut.

4. The United States Department of Housing and Urban Development is a federal agency of the defendant, the United States of America.

5. On February 9, 2021, the United States Department of Housing and Urban Development, a federal agency of the defendant, the United States of America, owned, controlled, maintained and/or possessed the property known as Morrissey Manor, 15 Bayshore Drive, West Haven, Connecticut.

6. On February 9, 2021 the plaintiff was in the course and scope of his employment with Connecticut Transit, which employment involved, among other things, providing transportation services.

7. On February 9, 2021 the plaintiff parked and exited the bus on said property located 15 Bayshore Drive, West Haven, Connecticut, and was walking on the aforementioned property at a point 8 feet west of the driveway that leads to a dumpster; 8 ½ feet east of gate of closed off area where the dumpster is located; 17 feet north of "No Parking/Bus Parking" sign, when he was caused to slip and fall due to the presence of ice and/or snow on property known as Morrissey Manor, 15 Bayshore Drive, West Haven, Connecticut.

8. The plaintiff's injuries and losses were proximately caused by the carelessness and negligence of the defendant, its agents, servants and/or employees in one or more of the following ways:

   a. In that it failed to inspect the premises to determine if there were any dangerous and/or defective conditions then and there existing;

   b. In that it failed to warn the plaintiff of the dangerous and defective condition then and there existing, namely, accumulated and untreated ice/snow, by posting signs, erecting barriers, or by any other method;

   c. In that it failed to treat the accumulated ice/snow with salt or any other abrasive or ice-melting agent;

   d. In that it failed to adequately maintain the walkway;

   e. In that it knew, or in the exercise of reasonable care should have known, of the dangerous and defective condition, yet took no measures to remediate it.

9. The defendant, its agents, servants and/or employees, knew, or in the exercise of reasonable care and inspection, should have known of the aforementioned conditions and could and should have taken measures to remedy and correct the same, but this they carelessly and negligently failed to do.

10. As a result of the carelessness and negligence of the defendant, its agents, servants and/or employees, the plaintiff sustained and suffered a fractured left ankle, injury to left and right legs from which injuries or the effects thereof may be permanent in nature.

11. As a result of the carelessness and negligence of the defendant, its agents, servants and/or employees, the plaintiff's normal activities of life were impaired and may be so impaired in the future.

12. As a result of the carelessness and negligence of the defendant, its agents, servants and/or employees, the plaintiff incurred considerable expense for hospital emergency room

treatment, medical care and treatment, x-rays, medicines, physical therapy, etc. andme be so obliged to incur further expenses in the future.

13. As a further result of the carelessness and negligence of the defendant, its agents, servants and/or employees, the plaintiff has been and may be in the future, unable to perform his normal course of employment thereby resulting in a loss of wages and impairment to his earning capacity.

14. On November 19, 2021, the plaintiff filed a claim for administrative settlement ("Standard Form 95") with the United States Department of Housing and Urban Development in the amount of $300,000.00. (See Exhibit 1 attached hereto).

15. Said Standard Form 95 was received by the United States Department of Housing and Urban Development on November 23, 2021 (See Exhibit 1).

16. In a correspondence dated January 26, 2022 the United States Department of Housing and Urban Development responded to the plaintiff's Standard Form 95 by denying the plaintiff's claim. (See Exhibit 2).

17. In light of the denial of the plaintiff's administrative claim. the plaintiff has elected to file suit pursuant to 28 U.S.C.A. $2675(a).

JURY DEMAND

A trial by jury is demanded pursuant to Rule 38(b) of the Federal Rule of Civil Procedure.

THE PLAINTIFF,

BY:_____
DENNIS W. GILLOOLY
D'ELIA GILLOOLY DEPALMA LLC
700 State Street
New Haven CT 06511
(203)891-5310
Juris #: 305414
Federal Bar #: ct01267
Email: dennis@dgdlawct.com

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BENJAMIN TAVAREZ | : | CIVIL ACTION NO. |
| V. | | |
| UNITED STATES OF AMERICA | : | MARCH 2, 2022 |

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for relief against the defendant, the United States of America, as follows:

1. For compensatory damages according to proof;

2. For costs and reasonable attorney's fees; and

3. For such further relief as the Court deems just and proper.

THE PLAINTIFF,

BY:_____
DENNIS W. GILLOOLY
D'ELIA GILLOOLY DEPALMA LLC
700 State Street
New Haven CT 06511
(203)891-5310
Juris #: 305414
Federal Bar #: ct01267
Email: dennis@dgdlawct.com